**Ira STALLARD and Beulah Stallard, Plaintiffs,**

v.

**REVIEW COMMITTEE OF the UNITED STATES DEPARTMENT OF AGRICULTURE STABILIZATION AND CONSERVATION SERVICE, Defendant.**

Civ. A. No. 67–C–60–A.

United States District Court
W. D. Virginia,
Abingdon Division.

Nov. 16, 1967.

Glen M. Williams, Jonesville, Va., for plaintiffs.

Robert S. Irons, Asst. U. S. Atty., Roanoke, Va., for defendant.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This action is before the court on plaintiffs' petition to review the determination of the Review Committee of the United States Department of Agriculture Commodity Stabilization Service (hereinafter Review Committee) that the plaintiffs' two farms should be combined as one farm unit for purposes of tobacco acreage allotment. Jurisdiction is based on § 1365 of the Agricultural Adjustment Act of 1938, 7 U.S.C.A. §§ 1281–1393 (1964).

The plaintiffs are husband and wife. The plaintiff Ira Stallard owns a farm identified as farm number E2628 which contains sixty-seven acres of land. The plaintiff Beulah Stallard owns a farm identified as farm number E2630 which contains twenty-four acres. For a number of years the plaintiffs have raised tobacco on each of their farms separately and independently of each other. During this time the Secretary of Agriculture has treated both of plaintiffs' farms as separate farming units and provided separate tobacco allotments. Ira's farm has had a .64 acre tobacco allotment and Beulah's has had a .50 acre tobacco allotment. However, on June 14, 1966, the County Committee of the Agricultural Stabilization and Conservation Service of Scott County, Virginia, (hereinafter County Committee) notified the plaintiffs that their farms had been combined to make a single tobacco allotment under 7 C.F.R. § 719.4 (1967) because it had been determined that both farms were being operated by the same person. The pertinent portions of the County Committee's letter of notification are as follows:

"There is action now being taken throughout the Burley Tobacco Producing Areas to make sure that all farms are properly constituted. Farms owned and operated by the same person are not properly constituted. This action is being initiated due to some investigations made after the Burley Tobacco Referendum this year showing that there were farms like yours throughout the Burley Belt that were not combined, that should have been.

"The records in this office show that farms serially numbered 2630 and 2628 are under the same ownership and operated by one person. (Husband and wife are normally considered as one owner under farm constitution regulations.)

"This letter is to inform you that it has been determined that the above-numbered farms will be combined as one farm effective for 1967." Signed— County Committee Secretary.

Thus, the tobacco allotment was set at 1.14 acres for the combined farms. Upon notification of the change Beulah Stallard took issue with the County Committee's decision and on February 16, 1967, represented by her son, I. L. Stallard, met with the County Committee to review its decision. At that time the County Committee upheld its finding and according to its answer "again determined that the two tracts were operated by the same person and that they needed to be combined to comply with the definition of a farm."

After the County Committee reaffirmed its findings Beulah Stallard [1] applied for review by the Review Committee under 7 U.S.C.A. § 1363. She asserted as her basis of appeal that: "The two farms owned by Ira & Beulah Stallard are seperate (sic) operations and should not be combined. My mother has seperate (sic) bank accounts. She grows her allotment & my fater (sic) grows his." On May 2, 1967, the Review Committee held a hearing on Beulah Stallard's application and affirmed the County Committee's determination. The results of the Review Committee's actions are as follows:

Findings of Fact:

(A) A 67.0 acre tract owned by Ira Stallard had a Tobacco allotment of 0.64 acre.

(B) A 24.0 acre tract owned by Beulah Stallard had a Tobacco allotment of 0.50 acre.

(C) These tracts identified by E2628 and E2630 were combined as one farm for 1967 with a Tobacco Allotment of 1.14 acre.

(D) The action of the County Committee was taken in accordance with C.F.R. 719.4 giving guides for combining farms owned by Husband & Wife.

Conclusions:

The action of the County Committee is in accordance with C.F.R. 719.4 and is required by C.F.R. 719.3. The combined allotment of 1.14 acre is correct for the farm as constituted.

Determination:

The Burley Tobacco allotment for this farm shall be 1.14 acre and the farm shall remain as constituted for A.S.C.S. Program purposes.

The plaintiffs then brought this action praying "that the action taken by the Review Committee be reversed and that an order be entered directing these tracts of land to be separated as they have been in the past with the original farm numbers, and with the original tobacco allotments * * *." The Review Committee has filed a motion to dismiss against Ira Stallard for failure to exhaust his administrative remedies as required by 7 U.S.C.A. § 1363 and a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b) (6) or for summary judgment, rule 56, in the alternative against both plaintiffs.

██ Upon examination of the record the court finds that the case must be remanded to the Review Committee due to its failure to state the reasons for its conclusions. The Review Committee concluded that the County Committee acted in accordance with the regulations and that the allotment was correct but without giving any reasons for these conclusions. It may be that the Review Committee arrived at these conclusions because it thought that both farms had been operated by the same person or because it thought that farms owned by husband and wife should be combined. However, the court will not speculate as to any such reasons. Where the Review Committee fails in its duty to render a reasoned opinion the court has no choice but to remand. Austin v. Jackson, 353 F.2d

1. The plaintiff Beulah Stallard being physically incapacitated was again rep-resented by her son, I. L. Stallard at the hearing before the Review Committee.

**934**

910 (4th Cir. 1965). In *Austin* the Review Committee failed to state the reasons for its conclusion "[T]hat the deed \* \* \* did not constitute a purchase of the acreage \* \* \* within the meaning of Section 725.620 of the \* \* \* Regulations for the \* \* \* Marketing Year." The court affirmed the District Court's order that the case be remanded to the Review Committee and stated:

> "Putting aside the question of whether those regulations are applicable to this case we point out that the conclusion is supported by absolutely no reasoning. There is no indication of how this result was reached \* \* Without any reason given for the Review Committee's conclusion that the initial purchase did not satisfy the statute this court has no choice but to remand. Even if proper reasons do exist from the facts to uphold the decision the court may not imply them. As in the case where administrative action cannot be upheld on the reasons the agency has assigned, the court will not state proper reasons and uphold but will remand the case to the agency." 353 F.2d at 912.

We find *Austin* to be controlling in the present case.

Furthermore, on remand the Review Committee must more fully state its findings. As the court said in California v. Federal Power Commission, 345 F.2d 917, 926 (9th Cir. 1965):

> "The rule the districts here invoke is that there must be clarity and completeness in the basic or essential findings on which administrative orders rest \* \* \* Or, as the District of Columbia Court of Appeals recently said in Government of Guam v. Federal Maritime Commission \* \* \* 117 U.S.App.D.C. 296, 329 F.2d 251, 255, ' \* \* \* the reviewing authority is entitled to know—indeed must know—the basic data and the whys and wherefores of the Commission's conclusions.' "

It is, therefore, adjudged and ordered that the case be remanded to the Review Committee to state the reasons for its conclusions.

This case is now dismissed and each party shall bear their own costs, and in the event that plaintiffs hereafter desire to have this action reinstated on the docket, it may be done after notice and for good cause without the payment of additional costs.