**Russell ROWELL, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 91–1580.**

United States District Court, District of Columbia.

Feb. 18, 1993.

Vincent J. Curtis, Rosslyn, VA, for plaintiff.

Peter D. Coffman, Dept. of Justice, Washington, DC, for defendant.

## MEMORANDUM OPINION

JOHN H. PRATT, District Judge.

This case comes before us on Defendant's Motion to Dismiss, Plaintiff's Opposition, and Defendant's Reply. Pursuant to Fed.R.Civ.P. 12(b), because "matters outside the pleading are presented and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, ..."[1] Upon consideration of the record herein, we find that plaintiff has failed to state a claim under 5 U.S.C. § 504, that there is no genuine issue as to any material fact, and that defendant is entitled to judgment as a matter of law.

### Background

Plaintiff Russell Rowell, an administrative law judge ("ALJ") employed by the Department of Health and Human Services ("Department"), challenges the final decision of the Secretary of Health and Human Services to deny his application for attorney fees under the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504. Plaintiff seeks fees in connection with administrative proceedings conducted by a three member panel of the Department's Appeals Council ("Panel"), as appointed by the Chair of the Appeals Council, acting under a delegation of authority from the Secretary of the Department. The Panel was appointed to conduct an examination into allegations of general bias that had been raised against plaintiff by certain Social Security disability claimants.[2]

In conducting its investigation, the Panel gave notice of its actions to both ALJ Rowell and the complainants against him. Each were given an opportunity to appear at an oral proceeding, to testify, and to call and examine witnesses. After examining a random sample of approximately two hundred claims handled by ALJ Rowell for a pattern of bias of any sort, the Panel issued a Report of Findings and Conclusions and recommended that ALJ Rowell be found not generally biased. The Chair of the Appeals Council adopted this report as a final decision on March 22, 1991. *See* Plaintiff's Exhibit 1–D.

ALJ Rowell then filed a request for $30,-658.07 in attorney fees under the EAJA, at 5 U.S.C. § 504(a). The Department denied this request, concluding that the administrative proceedings conducted by the Panel did not constitute an "adversary adjudication" within the meaning of the statute. *See* Plaintiff's Exhibit 2. ALJ Rowell seeks review in this Court of the Department's order denying his motion for attorney fees.

### Discussion

■ We begin by noting that as a partial waiver of sovereign immunity, the EAJA must be strictly construed in favor of the United States. *Library of Congress v. Shaw,* 478 U.S. 310, 318, 106 S.Ct. 2957, 2963, 92 L.Ed.2d 250 (1986); *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 685–686, 103 S.Ct. 3274, 3277–78, 77 L.Ed.2d 938 (1983). With this in mind, we now turn to plaintiff's claim that he is entitled to attorney fees under the EAJA.

■ Prevailing parties in certain adversary administrative proceedings may recover attorney fees and costs from the federal government under the EAJA. In pertinent part, 5 U.S.C. § 504(a)(1) provides that:

[a]n agency that conducts an adversary adjudication shall award, to a prevailing party other than the United States, fees and other expenses incurred by that par-

---

1. "Asking the Court to consider extrinsic evidence is equivalent to asking the Court to treat the motion as one for summary judgment." *Quiban v. U.S. Veterans Admin.,* 724 F.Supp. 993 (D.D.C.1989). Both plaintiff and defendant effectively asked the Court to consider extrinsic evidence by submitting the following: Defendant's Memorandum in Support of Defendant's Motion to Dismiss and the attached exhibit; Plaintiff's Opposition to Defendant's Motion to Dismiss and the attached exhibits; and Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss and the attached exhibit.

2. The charges of bias against Social Security claimants were brought against plaintiff in a class action, *Grant v. Sullivan,* 720 F.Supp. 462 (M.D.Pa.1989). The Panel's investigations were separate from the *Grant* action.

ty in connection with that proceeding, unless the adjudicative officer of the agency finds that the position of the agency was substantially justified or that special circumstances make an award unjust.

5 U.S.C. § 504(a)(1) (1992). The EAJA goes on to define an "adversary adjudication" as "an adjudication under section 554 of this title in which the position of the United States is represented by counsel or otherwise," 5 U.S.C. § 504(b)(1)(C)(i). Turning to section 554 of Title 5, we are told that "[t]his section applies, ... in every case of adjudication required by statute to be determined on the record after opportunity for an agency hearing," with six statutory exceptions which are not applicable to the case before us.

Plaintiff argues that the Panel's inquiry was an adversary adjudication, and directs the Court's attention to the statutory definitions of "adjudication" and "order" contained in the Administrative Procedure Act ("APA") at 5 U.S.C. §§ 551(6), (7), which definitions are specifically made applicable to the EAJA by 5 U.S.C. § 504(b)(2). In brief, plaintiff argues that by adopting the Panel's finding of no bias as "final," the Chair of the Appeals Council passed an "order" as defined under the APA,[3] and that since the APA defines "adjudication" as an "agency process for the formulation of an order," that the Panel's proceeding was an adjudication. Plaintiff's argument is creative, but misleading and irrelevant; we reject it for two reasons.

First, plaintiff conveniently overlooks the very first sentence of 5 U.S.C. § 504(b)(2), which ordains that the definitions provided in section 551, (the APA), apply to the EAJA "[e]xcept as otherwise provided in paragraph (1)." Since paragraph (1) expressly defines "adversary adjudication" (as described above), for the purposes of 504, it is clear that the definitions provided in section 551 are not applicable to that

term as used in section 504. Second, even if the definitions used in section 551 were applicable, which they are not, all plaintiff would have shown is that the Panel's proceedings constituted an adjudication, not that they constituted an adversary adjudication as is required under the EAJA.

Defendant does little to contest plaintiff's alleged facts; he does, however, dispute plaintiff's conclusions of law. Defendant argues in his Memorandum in Support of his Motion to Dismiss that plaintiff has failed to state a claim under the EAJA because (1) the proceeding at issue did not constitute an "adversary adjudication" under 5 U.S.C. § 504(b)(1)(C)(i), and 5 U.S.C. § 554; and (2) the agency was not represented by counsel or otherwise, as required under 5 U.S.C. § 504(b)(1)(C)(i). The validity of either one of these arguments would be sufficient to deny plaintiff's claim. We find both of these arguments to be persuasive.

As noted above, the EAJA defines adversary adjudication as "an adjudication under section 554 of this title in which the position of the United States is represented by counsel or otherwise." 5 U.S.C. § 504(a)(1). The Supreme Court decided in *Ardestani v. I.N.S.,* —— U.S. ——, 112 S.Ct. 515, 116 L.Ed.2d 496 (1991), that "the most natural reading of the EAJA's applicability to adjudications 'under section 554' is that those proceedings must be 'subject to' or 'governed by' section 554." *Ardestani,* at ——, 112 S.Ct. at 519. The Court in *Ardestani* expressly rejected the argument presented by plaintiff that the statutory phrase "under section 554" should be extended to include proceedings similar to or offering parallel protections to those provided by section 554 proceedings, but not expressly governed by section 554. *Ardestani,* at ——, 112 S.Ct. at 519–520.[4]

Applying the Supreme Court's reasoning in *Ardestani* to the facts at hand, we agree that the Panel's inquiry was not an "adver-

---

**3.** Under the Administrative Procedure Act: "(6) 'order' means the whole or a part of a final disposition, whether affirmative, negative, injunctive, or declaratory in form, of an agency in a matter other than rule making ..." 5 U.S.C. § 551.

**4.** In rejecting this argument, the Supreme Court in *Ardestani* relies in part on this Circuit's ruling in *St. Louis Fuel and Supply Co. v. FERC,* 890 F.2d 446 (D.C.Cir.1989).

sarial adjudication" under the Act. The proceedings conducted by the Panel at the Department of Health and Human Services to determine whether ALJ Rowell was biased against Social Security claimants were neither subject to nor governed by § 554. The proceedings were called for pursuant to the authority given the Secretary under 42 U.S.C. § 405(b)(1), "[t]he Secretary is further authorized, on his own motion, to hold such hearings and to conduct such investigations and other proceedings as he may deem necessary or proper for the administration of this subchapter." This authority was subsequently delegated to the Office of Hearings and Appeals in the Statement of Organization, Functions and Delegations of Authority published by the Social Security Administration at 53 Fed. Reg. 29778-9 (August 8, 1988), "... for maintaining a hearings and appeals system which is impartial and supports the tenets of fairness and equal treatment under the law."

Nor were the proceedings adversarial. In a sworn statement before the Panel was selected, the Chair of the Appeals Council, Ms. Bradley, stated "I have determined that it is appropriate to undertake a full and *impartial* examination of the allegation that ALJ Rowell is generally biased against claimants for disability benefits." *See* Plaintiff's Exhibit 1–D (emphasis added). In the subsequent order establishing the Panel, the Chair instructed the Panel to conduct "a full and *impartial* examination of all issues ..." *See* Plaintiff's Exhibit 1–A (emphasis added). The evidence shows that the Panel conducted a neutral fact-finding inquiry, not an adversarial adjudication. Although the Panel notified both ALJ Rowell and the complaining Social Security claimants that the investigation would take place, and gave each party an opportunity to present evidence (which Rowell did), it should be noted that the government did not take a position for or against ALJ Rowell. The complainants here were third parties. The government clearly did not adopt any partisan position during the proceedings, and indeed ultimately decided in favor of ALJ Rowell.

Furthermore, we agree with defendant that the government was not "represented by counsel or otherwise." Plaintiff argues that because he received one letter signed by a Department attorney in response to his inquiry about pursuing disciplinary sanctions against certain attorneys—a matter distinct from the Panel's investigation—that the government was represented by counsel in its investigation of his alleged bias. This connection is too farfetched. The Department objects that it was never represented by counsel in this matter, and submits the affidavit of Mr. Donald Przybylinski,[5] the attorney who signed the above mentioned letter, to rebut plaintiff's argument. We are convinced by the Przybylinski Affidavit that his involvement with plaintiff as counsel for the Department was indeed limited to informing plaintiff that the requested attorney sanction proceedings would not be initiated, and that neither he nor anyone under his supervision "either represented the agency or otherwise participated in the proceedings conducted by [the Panel] of Appeals Council members to investigate allegations that ALJ Russell Rowell was generally biased against Social Security claimants." Przybylinski Affidavit, at Defendant's Exhibit 1.

Therefore, we find as a matter of law that the Panel's investigation of ALJ Rowell did not constitute an adversary adjudication as required under EAJA for the award of attorney fees.[6] Plaintiff has

---

5. Mr. Przybylinski was acting in his capacity as Special Counsel to the Associate Commissioner for Hearings and Appeals, Social Security Administration, Department of Health and Human Services.

6. This finding, standing alone, disposes of this litigation. In addition, it is not necessary to stress that this was an administrative proceeding before the Social Security Administration ("SSA"). There are several indications in the legislative history of Congressional intent that the EAJA, as contained in 5 U.S.C. § 504, does not apply to proceedings before the SSA because it would be unfair to render the government liable for hearings in which the government's position is simply not represented. *See* Memorandum in Support of Defendant's Motion to Dismiss at 9–10, 14.

failed to state a claim, and there are no outstanding issues of material fact. Accordingly, defendant is entitled to judgment as a matter of law, and an accompanying order granting his motion is entered on this date.

### ORDER

Pursuant to our Memorandum Opinion on the above captioned matter entered on this same date, upon consideration of Defendant's Motion to Dismiss, Plaintiff's Opposition, Defendant's Reply, and the entire record herein, and upon consideration of defendant's motion as a motion for summary judgment under Fed.R.Civ.P. 56, as required under Fed.R.Civ.P. 12(b) when "matters outside the pleading are presented to and not excluded by the court," it is this 18th day of February, 1993, hereby

ORDERED that summary judgment is granted for the defendant; and it is

ORDERED that this case is dismissed with prejudice.