## NATIONAL LABOR RELATIONS BOARD v. BRYAN MFG. CO.

### No. 10553.

United States Court of Appeals,
Seventh Circuit.

April 25, 1952.

478

David P. Findling, Associate General Counsel, A. Norman Somers, Asst. General Counsel, Louis Schwartz, George J. Bott, General Counsel, Dominick L. Manoli, all of Washington, D. C., for petitioner.

Albert M. Stern, Detroit, Mich., Stern, Milmet & Rossier, Detroit, Mich., for respondent.

Before KERNER, DUFFY, and FINNEGAN, Circuit Judges.

KERNER, Circuit Judge.

The National Labor Relations Board found that respondent had been guilty of violating § 8(a) (1), (2) and (3) of the Act, 29 U.S.C.A. § 151 et seq., as amended by the Labor Management Relations Act, in that respondent interfered with, restrained and coerced its employees in the exercise of their organizational rights by discharging two of its employees for engaging in union activities, and interfered with the formation and administration of a labor organization of its employees. The Board's Decision and Order are reported in 94 N.L.R.B. 1331. The order requires respondent to cease and desist from the unfair practices found and to reinstate the discharged employees in their former positions with back pay.

Upon oral argument, with commendable frankness, counsel for respondent admitted that the Board's findings are supported by substantial evidence, but, he says, because of the bias and prejudice of the trial examiner, respondent was denied a fair hearing.

■■ The fact that a judgment may be justified on the merits does not obviate the requirement of a fair hearing. Ohio Bell Telephone Co. v. Public Utilities Commission, 301 U.S. 292, 57 S.Ct. 724, 81 L. Ed. 1093; and Inland Steel Co. v. National Labor Relations Board, 7 Cir., 109 F.2d 9, 20. And where the proceedings are conducted by the examiner with such bias and unfairness as to amount to an unfair trial, findings and an order based upon such a hearing may not stand. National Labor Relations Board v. Phelps, 5 Cir., 136 F.2d 562. Since the Board's findings

are supported by substantial evidence, we have only to inquire whether the record sustains respondent's contention that the examiner was biased and prejudiced.

In the instant case, the specific charges of unfairness are that the examiner acted as an interested party and assumed the role of a prosecutor. Respondent insists that the examiner interfered with the examinations which its counsel endeavored to conduct; that he accused respondent's witnesses of lying while they were on the witness stand; that he permitted the Board's counsel, over objections, to continually ask leading questions; and that he took over from the Board's counsel the questioning of witnesses and thus acted as a sort of "co-prosecutor."

■ It would serve no useful purpose to discuss in detail each of the complaints made. As to the examination and cross-examination of witnesses, it will be enough to say that the extent of such examination rests in the sound discretion of the examiner. Glasser v. United States, 315 U. S. 60, 82, 62 S.Ct. 457, 86 L.Ed. 680. We cannot say that here the examiner abused that discretion. The complaint that the examiner asked too many questions may be answered by noting that § 202.10 of the Board's Rules and Regulations and Statements of Procedure authorizes the examiner to "examine and cross-examine witnesses." Moreover, the examiner is not required to sit by and permit a confused or meaningless record to be made. One of his functions is to see that the facts are clearly and fully developed. Bethlehem Steel Co. v. National Labor Relations Board, 74 App.D.C. 52, 120 F.2d 641, 651, and National Labor Relations Board v. Baldwin Locomotive Works, 3 Cir., 128 F.2d 39, 46.

■ True it is, we have here not a perfect record, but what record is perfect? While there might not have been a perfect trial, yet when the record is viewed as a whole, we think it shows that respondent was accorded a fair hearing.

■ In accordance with the Board's request, an order of enforcement is entitled to issue. It is so ordered.