**GREAT LAKES SCREW CORPORATION, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

. No. 16212.

United States Court of Appeals
Seventh Circuit.

Feb. 27, 1969.

Ray J. Schoonhoven, Charles J. Griffin, Jr., Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for petitioner.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, John E. Nevins, Nancy M.

Sherman, Attys. N. L. R. B., Washington, D. C., for respondent.

Before HASTINGS and KNOCH, Senior Circuit Judges, and KERNER, Circuit Judge.

HASTINGS, Senior Circuit Judge.

This case is before us on the petition of Great Lakes Screw Corporation to review and set aside an order of the National Labor Relations Board, issued against petitioner April 27, 1967 and amended May 1, 1967, pursuant to Section 10(f) of the National Labor Relations Act, as amended, 29 U.S.C.A. Section 160(f). The National Labor Relations Board, pursuant to Section 10(e) of the National Labor Relations Act, as amended, 29 U.S.C.A. Section 160(e), cross-petitions for enforcement of its order.

With few additions and modifications, the Board adopted the trial examiner's findings, conclusions and recommendations for relief. The Board's determinations in this dispute are reported at 164 NLRB No. 20. See 1967 CCH NLRB ¶ 21,288.

Since the transcript from the 23-day hearing before the trial examiner exceeds 4200 pages and since there are over 300 exhibits involved, we shall summarize only the salient facts apposite to the disposition of this review and cross-petition.

Petitioner, an Illinois corporation engaged in the manufacture and sale of screws and related products, was found guilty of thirty-four violations of § 8(a)(1), twenty-one violations of § 8(a)(3), and single violations of §§ 8(a)(2) and 8(a)(4), 29 U.S.C.A. § 158, as amended. Petitioner contests these findings.

Prior to addressing our attention to the question of the substantive merits of these unfair labor practice findings, it is incumbent upon us to confront and decide the threshold issue of whether petitioner was denied its constitutionally afforded and statutorily protected right to a fair hearing.

Petitioner contends that the actions of the trial examiner demonstrated prejudicial bias which resulted in an unfair hearing and decision, thereby denying petitioner due process of law. Petitioner's brief sets forth numerous evidentiary and procedural rulings as well as credibility findings of the trial examiner which it views as prejudicial and constituting a denial of due process.

In addition to these alleged indicia, of bias, petitioner contends that the trial examiner's exclusion of petitioner's chief counsel on the thirteenth day of hearings is indicative of the examiner's partiality. Petitioner also asserts that such exclusion constituted a denial of its constitutional right to counsel and violated the Administrative Procedure Act.

Petitioner further alleges that the trial examiner's failure to disqualify himself from the hearing after the exclusion of counsel violated the Administrative Procedure Act and the Board's rules and regulations, thereby depriving petitioner of due process of law and its statutory rights.

Lastly, petitioner contends that the trial examiner's decision manifests "overwhelming bias".

The Board found petitioner's various contentions unsupportable. Petitioner contends that the Board's findings in this regard are in total disregard of the record and contrary to law.

---

1. The following comments exemplify the hostile and petty flavor which characterized and permeated a significant portion of the proceedings before the trial examiner. Many of these comments, when read in context, appear to have been provoked by unsavory conduct; others seem to be the proximate result of overreaction to various procedural maneuvers and rulings; and others seem to be solely attributable to tasteless gratuity. While such comments emanated from all participants in the hearing, including the trial examiner, little value would be garnered from identifying the author of each of these deplorable and lamentable statements.

It remains for us to inquire whether the record sustains the Board's position or supports the contention of denial of due process.

At the outset, it should be noted that even a cursory examination of this record would reveal that the hearing before the trial examiner was scarred with antagonism, enmity and histrionic pettiness.[1] The hearing generated more heat than light. It is difficult to perceive how such marked proceedings could provide an atmosphere fully conducive to the systematic presentation of evidence and the orderly development of issues which are necessary to the attainment of a just result.

■■ However, neither a perfect record nor "laboratory conditions" are prerequisites to a fair hearing. The record, when viewed as a whole, must only reflect proceedings which are conducted in a manner "free from bias and prejudice and imbued with the desire to accord to the parties equal consideration." Inland Steel Co. v. National Labor Relations Board, 7 Cir., 109 F.2d 9, 20 (1940); National Labor Relations Board v. Bryan Mfg. Co., 7 Cir., 196 F.2d 477, 478 (1952).

■ Upon careful consideration of petitioner's accusations of unfairness and of the germane segments of the record, we have determined that the precepts of fair play and due process require a reversal and remand of this cause to the Board for a new hearing. While the issue of due process is admittedly close and the delay required for a new hearing regrettable, the record warrants this action for the following reasons.

On the 13th day of the hearing before the trial examiner, petitioner's chief counsel was excluded from the proceedings by the examiner. The examiner's exclusionary ruling was immediately appealed to the Board by petitioner. Without a hearing, the Board denied the appeal and upheld the ruling on the ground that the Trial Examiner did not abuse his discretion and was acting within the scope of his authority under Sections 102.35(f) and 102.44(a)[2] of the Board's rules.

For almost two years after affirming the examiner's exclusionary order, the Board did not indicate the conduct upon which it affirmed the exclusion. Not until it had rendered its decision and order in the case and the petitioner had

---

1. "That is nothing more than * * * trivial Board procedures."

"* * * they are hoping to taint this hearing with prejudice and bias."

"* * * the experiences that we have had in this case * * * is an amass of junk in a procedure that is not called for * * *."

"* * * it is an attempt to introduce a little bias and to bad mouth * * *."

"I don't intend to run a night school."

"* * * in essence they are asking you for the opportunity to come in * * * and bad mouth * * * to incite bias and prejudice * * *.

"They have got their pound of flesh and now they want to stink this hearing up with bias and prejudice. * * * I am not running a night school here either."

"* * * my learned colleague has a great way of asking misleading questions."

"* * * he is not on the stage, and this is not a vaudeville show. He is not a performer here."

"* * * I am not going to undertake to teach you at this point [how to conduct a cross-examination]."

"You have no right to recite like a parrot what is going on in this room."

"I don't like your cavalier attitude."

"What do you think you are running here? Do you think you are in a circus?"

"Well, * * *, he asked for it [an uncalled for ridicule]."

"* * * it is ungentlemanly, uncalled for, unwarranted, it is a lie."

2. In relevant part § 102.35, 29 C.F.R., reads: "The trial examiner shall have authority, * * * (f) To regulate the course of the hearing and, if appropriate or necessary, to exclude persons or counsel from the hearing for contemptuous conduct * * *."

Section 102.44, 29 C.F.R., in pertinent part reads: "(a) Misconduct at any hearing before a trial examiner * * * shall be ground for summary exclusion from the hearing."

moved for an explanation did the Board offer the following general conclusions for upholding the exclusion:

"Our conclusion that attorney O'Brien's conduct at the hearing warranted condemnation was based on the record, which is replete with numerous illustrations of his unseemly behavior. O'Brien intimidated witnesses by shouting at them, questioning their intelligence, and disparaging their language weaknesses. Further, throughout the hearing Mr. O'Brien constantly belittled the legal ability of the General Counsel's representative, harassed the Trial Examiner by a barrage of meaningless and superfluous objections, and ignored the Trial Examiner's admonitions directed at his disruptive conduct."

The Board's belated explanation for upholding the exclusion of counsel constitutes nothing more than mere conclusions unsupported by specific factual references to the record of the supposed contumacious and disruptive conduct of counsel.

According to Board rule § 102.35, *supra*, the standard by which a person's deportment before the trial examiner is to be measured for purposes of exclusions from the hearing is "contemptuous conduct". See Camp v. Herzog, 104 F.Supp. 134, 139 (D.C.D.C.1952) in which the court stated that " * * * no person will be precluded from being represented by the person of his choice, except in the case in which such representative has been contemptuous at a hearing * * *."

■ In reviewing judicial contempt orders, this circuit and others have espoused the view that mere conclusions of contempt, unsupported by specific facts or supporting citations to the record, carry no weight. The reason for this view is that the recitation of mere conclusions without a showing of the facts upon which the alleged contempt rests makes informed appellate review most difficult if not impossible. Tauber v. Gordon, 3 Cir., en banc, 350 F.2d 843, 845 (1965); People ex rel. Andrews v. Hassakis, 6 Ill.2d 463, 129 N.E.2d 9, 11

(1955). In upholding the view, this Court said in Parmelee Transportation Company v. Keeshin, 7 Cir., 294 F.2d 310, 314 (1961), rev'd on other grounds 370 U.S. 230, 82 S.Ct. 1288, 8 L.Ed.2d 434 (1962):

"If the law were otherwise, we would be required to determine whether the [contempt] order was justified without being directed to a single fact, word or deed alleged to have been spoken or performed by the accused."

■ Informed appellate review is not limited to judicial determinations, and it is well-established "that the conclusions of the agencies are subject to judicial review, and for that purpose the reviewing authorities must know the bases upon which the conclusions rest." American Trucking Associations, Inc. v. F. C. C., 126 U.S.App.D.C. 236, 377 F.2d 121, 134 (1966), cert. denied, 386 U.S. 943, 87 S.Ct. 973, 17 L.Ed.2d 874 (1967). Reviewing tribunals should not be posited in a position where they are forced to speculate as to the basis for an administrative agency's conclusion. Austin v. Jackson, 4 Cir., 353 F.2d 910, 911 (1965) and cases cited therein.

To bar such speculation, the Administrative Procedure Act, 5 U.S.C.A. § 557 (c), provides in material part:

"All decisions, * * *, are a part of the record and shall include a statement of * * * findings and conclusions, *and the reasons or basis therefor,* on all the material issues of fact, law, or discretion presented on the record * * *." [Emphasis supplied.]

No compelling reason exists for not extending the requirement of adequate disclosure of the basis for contemptuous conduct findings to the quasi-judiciary as well as the judiciary.

■ In the instant case, the Board has failed to render, with the required particularity its basis for finding propriety in the trial examiner's expulsion of counsel. Contemptuous behavior is the appropriate ground for excluding a person from the hearing. In its belated explanation for upholding the trial ex-

aminer's order to exclude counsel, the Board makes only general assertions about counsel's conduct. The explanation neither indicates the specific occasions which were deemed indicative of contumacious behavior nor does it cite relevant parts of the record which might substantiate these conclusive assertions.[3]

For these reasons, we conclude that counsel was wrongly excluded from the hearing.

The Administrative Procedure Act, 5 U.S.C.A. § 555(b), provides:

"A person compelled to appear in person before an agency or representative thereof is entitled to be accompanied, represented, and advised by counsel * * *."

This right to counsel has been interpreted to mean the right to counsel of one's own choice. Backer v. C. I. R., 5 Cir., 275 F.2d 141, 144 (1961).

By excluding counsel without setting forth with sufficient particularity the basis for such action, the Board has substantially and prejudicially violated the Administrative Procedure Act. By denying petitioner his statutorily afforded right, administrative due process has been violated. This cause is therefore properly subject to a reversal and remandment for a new hearing.[4]

Even assuming that the Board's explanation adequately disclosed its basis for upholding the exclusion of counsel, we still hold that the cause should be reversed and remanded for a new hearing.

Upon consideration of the proceedings prior to counsel's exclusion, we are of the opinion that while counsel's conduct during the hearing was far from being the paragon of comportment, it did fall short of constituting contemptuous behavior. Consequently, we find counsel's

3. Upon careful review of the transcript, we find that the trial examiner is less than clear in setting forth the grounds upon which he determined to exclude counsel. Consequently, the Board may not justify the upholding of the exclusion on the basis of the reasons set forth by the examiner. Cf., National Labor Relations Board v. State Center Warehouse & Cold Storage, 9 Cir., 193 F.2d 156, 158 (1951); Key v. United States, 263 F.Supp. 544, 547–548 (D.C.1966).

The alleged conduct which supposedly "triggered" the exclusionary ruling was the question of whether counsel was "coaching" a witness from the "sidelines". In passing, we note that both the excluded counsel and the allegedly coached witness testified under oath that counsel never engaged in coaching or signalling the witness.

At several points after the exclusionary ruling by trial examiner, other counsel for the petitioner sought to exact from the examiner his specific reasons for excluding counsel. The "reasons" offered by the examiner are even less enlighting than those offered by the Board's explanation for upholding the exclusionary ruling of the examiner.

When questioned as to the basis for the exclusion, the following responses by the trial examiner are typical of his answers to the inquiry.

"* * * this [the exclusion of counsel] was not a hasty, angry action on

my part. Angry, yes; but not hasty. And, more than sufficiently provoked."

"It [the exclusion] is a culmination of events, and the last straw was this afternoon."

"As I mentioned to you before, my [exclusionary] ruling was based upon the behavior of the attorneys and the witnesses up to the time that I excluded Mr. O'Brien from the stand. I have not been blind in this proceeding; * * *. My ruling was based upon my experience and knowledge of the case."

"The record [with respect to the propriety of the exclusion] will speak for itself. My comments are not only unnecessary, but I think they would be entirely inappropriate."

"I think you must realize your request [for the specific conduct which warranted the exclusion of counsel] is rather absurd, * * *."

"I can only refer you to the record. I am sure you will find all that you need there [to support the exclusion]."

4. It is well-established that "even if proper reasons do exist from the facts to uphold the [Board] decision the court may not imply them. Austin v. Jackson, supra 353 F.2d at 912 and authorities cited therein.

expulsion to be unwarranted and therefore violative of petitioner's right to counsel as provided for by the Administrative Procedure Act.

The only case cited by either side involving the exclusion of counsel from a hearing before a representative of the National Labor Relations Board is In the Matter of Weirton Steel Company and Steel Workers Organizing Committee, 8 NLRB 581 (1938), aff'd, National Labor Relations Board v. Weirton Steel Co., 3 Cir., 135 F.2d 494, 496–497 (1943). The single citation is demonstrative of the fact that it is indeed unusual for an attorney to be excluded from participation in such proceedings for contemptuous behavior. The reluctance to resort to such extraordinary discipline is at least partially explained by the knowledge that:

> "[M]ost judges, * * *, recognize and respect courageous forthright lawyerly conduct. They rarely mistake overzeal or heated words of a man fired with a desire to win, for the contemptuous conduct which defies rulings and deserves punishment. They recognize that our profession necessarily is a contentious one and they respect the lawyer who makes a strenuous effort for his client." [5]

To constitute contemptuous conduct, there must be a clear showing that such conduct amounted to an obstruction of justice.[6] We can not say from this record that counsel for the petitioner created such an obstacle here.

The nature of counsel's conduct in the instant case is readily distinguishable from that displayed by counsel in the Weirton Steel Company case and other cases in which the exclusion of counsel has been upheld on appeal.[7] In addition, counsel's overall attitude in this case is significantly different in character from that manifested by the excluded counsel in the Weirton case.[8]

It would appear that in the heat of the proceedings the trial examiner mistook counsel's sometimes overzealous approach to the cause for contumacious behavior. This is an understandable error but is nevertheless prejudicial.

▮ As already stated, the delay, expense and inconvenience inherent in setting aside the order of the Board and remanding the case to it for a new hearing is regrettable; however, the "avoidance of delay cannot justify a tolerance of violation of rights fundamental in the administration of justice." Inland Steel Co. v. National Labor Relations Board, 7 Cir., 109 F.2d 9, 21 (1940) citing Montgomery Ward & Co. v. National Labor Relations Board, 8 Cir., 103 F.2d 147, 156 (1939).

Certainly the statutorily provided right to be represented by counsel of one's own choice is fundamental and has been violated by the unwarranted exclusion of counsel. It is impossible to soothsay what ill-effects this unwarranted exclusion may have had on the petitioner's case. Denying petitioner his chosen counsel may have had a prejudicially adverse effect on witnesses and inhibited succeeding counsel from fully advancing petitioner's position.

▮ It is axiomatic that if the order of the Board is found to be premised upon an unfair hearing then such order

---

5. Sacher v. United States, 343 U.S. 1, 12, 72 S.Ct. 451, 457, 96 L.Ed. 717 (1952).

6. See In re McConnell, 370 U.S. 230, 82 S.Ct. 1288, 8 L.Ed.2d 434 (1962).

7. In the Matter of Weirton Steel Company and Steel Workers Organizing Committee, supra, excluded counsel encouraged spectators at the hearing to be disorderly, participated in a demonstration against the Board, the trial examiner and the Board's attorney, and made highly improper and unsubstantiated accusations against the Board.

In Camp v. Herzog, supra, excluded counsel physically assaulted his adversary.

8. In Weirton, excluded counsel showed no signs of remorse for his conduct.

In the instant case in situations where counsel apparently deemed himself overstepping his position as an advocate, he offered an apology to the trial examiner for such conduct. Such an attitude is not indicative of one who is defiant or intent upon obstructing the administration of justice.

must be set aside and the case remanded to the Board for a new hearing. A. O. Smith Corporation v. N. L. R. B., 7 Cir., 343 F.2d 103, 110 (1965); Tele-Trip Company, Inc. v. N. L. R. B., 4 Cir., 340 F.2d 575, 581 (1965); National Labor Relations Board v. Bryan Mfg. Company, 7 Cir., 196 F.2d 477, 478 (1952). The due process requirement of a fair hearing is unwavering even though the findings of an unfair hearing might otherwise be justified on the merits. National Labor Relations Board v. Phelps, 5 Cir., 136 F.2d 562, 563–564 (1943).

We do not reach or decide the questions of the examiner's alleged bias and failure to disqualify himself, nor do we reach the substantive questions on the merits of the unfair labor practice findings.

For the foregoing reasons, (1) the petition to review and set aside the order of the Board is granted; (2) the cross-petition for enforcement is denied; and (3) this matter is remanded to the Board for a new hearing.

Order Set Aside and Enforcement Denied.

Cause Remanded for New Hearings.