Corene SMALL and Addie Liddell, on behalf of themselves and others similarly situated, Plaintiffs,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.

No. 89–3700.

United States District Court, S.D. Illinois.

Sept. 21, 1992.

Joan A. Spiegel, Land of Lincoln Legal Assistance, Alton, IL, Richard D. Chase, Land of Lincoln Legal Assistance, East St. Louis, IL, for plaintiffs.

Laura J. Jones, Ranley R. Killian, Asst. U.S. Atty., Fairview Heights, IL, Robert Crowe, Trial Atty., Michael Shachat, Steven Exum, Dept. of Health & Human Services, Baltimore, MD, Felicia L. Chambers, Brian G. Kennedy, U.S. Dept. of Justice, Washington, DC, for defendant.

## MEMORANDUM AND ORDER

STIEHL, Chief Judge:

Before the Court are two Reports and Recommendations by United States Magistrate Judge Gerald B. Cohn recommending the denial of defendant's motion to dismiss and the granting of plaintiffs' motion for class certification. The defendant filed objections to both recommendations; therefore, this Court will make a de novo determination regarding those portions of the record to which objections were made. 28 U.S.C. § 636(b)(1).

## BACKGROUND

Title II of the Social Security Act provides for the payment of insurance benefits to persons who have contributed to the program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1)(D). Title XVI of the Act provides for the payment of disability benefits to indigent persons under the Supplemental Security Income (SSI) program. 42 U.S.C. § 1382(a). The defendant, Secretary of Health and Human Services Louis W. Sullivan (the Secretary), is responsible for promulgating regulations pursuant to which determinations of disability are made. *See Johnson v. Sullivan,* 922 F.2d 346 (7th Cir.1990) (en banc).

This is a civil action brought by the named plaintiffs, Corene Small and Addie Liddell, in their individual capacities and on behalf of a class of persons whose claims for Social Security or SSI disability benefits were denied by Administrative Law Judge (ALJ) Robert E. Ritter. The plaintiffs seek a declaratory judgment that ALJ Ritter is biased against disability claimants generally and that such bias has deprived them of their right to fair hearings before an impartial judge in violation of the Social Security Act, 42 U.S.C. § 301 et seq., the Administrative Procedure Act, 5 U.S.C. § 551 et seq., and the Due Process Clause of the Fifth Amendment to the United States Constitution. The plaintiffs also seek an injunction restraining the defendant from assigning ALJ Ritter any future tasks involving discretion to determine disability claims. The Magistrate Judge held an evidentiary hearing on the pending motions, the transcript of which is included in the record before the Court.

## JURISDICTION

The defendant filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). In conjunction with this motion to dismiss, the Secretary advances several arguments challenging this Court's jurisdiction over certain members of the proposed class. A motion challenging a court's subject matter jurisdiction is properly filed under Fed.R.Civ.P. 12(b)(1), and the Court will so treat those portions of the Secretary's motion to dismiss raising jurisdictional arguments. The Secre-

tary bases his jurisdictional challenge on two grounds. First, he asserts that the Court lacks jurisdiction because the plaintiffs' allegations of general bias do not present a judicially cognizable claim. Second, he argues that the Court lacks jurisdiction over all plaintiffs, except plaintiff Small, because the complaint fails to allege that the remaining plaintiffs exhausted their administrative remedies. Because the Secretary places primary emphasis on the second argument, the Court will address it first.

### A) *Exhaustion*

■ Plaintiffs allege jurisdiction in this Court pursuant to 42 U.S.C. § 405(g); 42 U.S.C. § 1383(c); 28 U.S.C. § 1331; and 28 U.S.C. § 1361. Because the Court determines that jurisdiction is proper pursuant to 42 U.S.C. §§ 405(g) and 1383(c), it is unnecessary to address the alternative grounds asserted.

42 U.S.C. § 405(g) governs judicial review of decisions denying applications for social security benefits:

> Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

Judicial review of decisions denying applications for SSI benefits are governed by the provisions of both 42 U.S.C. §§ 405(g) and 1383(c)(3).

■ To obtain a "final decision" for purposes of § 405(g), a claimant is required to exhaust his or her administrative remedies by proceeding through a three stage administrative appeals process. *Bowen v. City of New York*, 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). After an initial disability determination is made by a state agency acting under the authority and control of the Secretary, the first step for a dissatisfied claimant is to seek a de novo reconsideration by the state agency. *See Johnson*, 922 F.2d at 348 (citations omitted). Next, the claimant may request a hearing before an ALJ

within the Social Security Administration's Office of Hearings and Appeals. *Id.* Finally, the claimant may seek review of the ALJ's decision before an Appeals Council. *Id.* If still dissatisfied after proceeding through this process, the claimant has 60 days in which to file an action in federal court pursuant to § 405(g).

■ The Secretary argues that this Court lacks jurisdiction over any class members who did not obtain a "final decision" of the Secretary, or who did not file suit in federal court within 60 days of obtaining such a decision. However, in *Mathews v. Eldridge*, 424 U.S. 319, 328, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976), the United States Supreme Court held that the "final decision" requirement of § 405(g)

> consists of two elements, only one of which is purely "jurisdictional" in the sense that it cannot be "waived" by the Secretary in a particular case. The waivable element is the requirement that the administrative remedies prescribed by the Secretary be exhausted. The nonwaivable element is the requirement that a claim for benefits shall have been presented to the Secretary.

Though typically the Secretary decides whether to waive the exhaustion requirement, judicial waiver is appropriate in some cases. *Id.* at 330, 96 S.Ct. at 900. "In determining whether exhaustion is required, federal courts must balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion." *McCarthy v. Madigan*, — U.S. —, —, 112 S.Ct. 1081, 1087, 117 L.Ed.2d 291 (1992).

In *City of New York*, the Supreme Court applied this balancing test in the context of a class action challenging an internal, unpublished policy of the Secretary affecting determinations of disability. The Secretary challenged the composition of the class, contending, as he does here, that the Court lacked jurisdiction over any claimants who failed to exhaust their administrative remedies or who failed to bring a court action within 60 days of a final decision. With regard to claimants barred from seeking administrative remedies

at the time the class action was filed, the Court held that waiver of exhaustion was appropriate because "members of the class could not attack a policy they could not be aware existed." *City of New York*, 476 U.S. at 482, 106 S.Ct. at 2031. The Court held that the same reasoning supported equitable tolling of the 60–day statute of limitations for bringing suit in federal court pursuant to section 405(g). *Id.* at 478–82, 106 S.Ct. at 2029–31.

The Court also held that waiver was appropriate for claimants who still had time to exhaust administrative remedies at the time the class action was filed. In so doing, the Court noted that the class action presented claims entirely collateral to the individual claims for benefits. The Court also relied upon the district court's finding that "the ordeal of having to go through the administrative appeal process" would cause the claimants irreparable harm. *Id.* at 483, 106 S.Ct. at 2032. Finally, the Court found that requiring exhaustion would not serve the purposes the exhaustion requirement was designed to further. Specifically, the Court reasoned that exhaustion was futile because the challenged policy applied regardless of the particular facts of the case and thus the advantages of compiling a detailed factual record and deferring to agency expertise were not implicated.

The holding in *City of New York* persuades the Court that waiver of the exhaustion requirement and equitable tolling of the 60–day statute of limitations is appropriate in this case. Here, the plaintiffs satisfy the non-waivable jurisdictional requirement by alleging that each plaintiff filed or will file a claim for benefits which was or will be assigned to ALJ Ritter. *Mathews*, 424 U.S. at 329, 96 S.Ct. at 900. Moreover, it is clear that the plaintiffs' claims are collateral to their substantive claims of entitlement to disability benefits. *See Johnson*, 922 F.2d at 353 (a challenge to regulations governing adjudication of benefits claims is collateral to the merits of individual claims because invalidation of the regulations does not guarantee entitlement to benefits).

The Secretary contends, however, that, unlike the situation in *City of New York*, requiring exhaustion in this case is not an exercise in futility. He points to specific regulations addressing bias on the part of an ALJ:

An [ALJ] shall not conduct a hearing if he or she is prejudiced or partial with respect to any party or has any interest in the matter pending for decision. If you object to the [ALJ] who will conduct the hearing, you must notify the [ALJ] at your earliest opportunity. The [ALJ] shall consider your objections and shall decide whether to proceed with the hearing or withdraw. If he or she withdraws, the Associate Commissioner for Hearings and Appeals, or his or her delegate, will appoint another [ALJ] to conduct the hearing. If the [ALJ] does not withdraw, you may, after the hearing, present your objections to the Appeals Council as reasons why the hearing decision should be revised or a new hearing held before another [ALJ].

20 C.F.R. § 404.940. *See also* 20 C.F.R. § 416.1440 (SSI claims). The defendant concludes that "[i]f administrative policies, regulations and actions have any meaning, it is not futile for a claimant to present a claim of ALJ bias to the Social Security Administration."

The Secretary raised identical arguments in *Kendrick v. Sullivan*, 784 F.Supp. 94 (S.D.N.Y.1992), and *Grant v. Sullivan*, 720 F.Supp. 462 (M.D.Pa.1989). *Kendrick* and *Grant* involved class actions based upon allegations of generalized bias virtually identical to those in this case. In both cases, the courts waived the requirement of exhaustion and tolled the 60–day statute of limitations for claimants whose claims were barred at the time the class action was filed. Those courts reasoned that a general predisposition to deny disability claims is not the sort of bias a person would perceive at the time an administrative hearing is held. *Kendrick*, 784 F.Supp. at 100; *Grant*, 720 F.Supp. at 472.

At the hearing before the Magistrate Judge, an attorney with extensive experience handling social security cases, including at least 20 hearings before ALJ Ritter, testified that it would be virtually impossible for an unrepresented claimant to perceive a

**1106**

general predisposition to deny claims. He further testified that approximately 25% of social security claimants are not represented by counsel. In *City of New York*, the Supreme Court waived the exhaustion requirement in part because the claimants could not assert a challenge on grounds they did not know existed. *See also Johnson*, 922 F.2d at 354 (declining to waive exhaustion requirement in class action challenging a published regulation because the case did not involve governmental conduct which prevented the plaintiffs from recognizing that they had a valid claim). Given the nature of the allegations in this case, waiver of the exhaustion requirement is appropriate for those members of the proposed class barred from filing further administrative appeals at the time this suit was filed. For the same reasons, equitable tolling of the 60–day statute of limitations for filing suit in federal court under 42 U.S.C. § 405(g) is also appropriate for those members who received a final decision of the Secretary more than 60 days prior to the filing of this suit.

■ The holding in *City of New York* also supports waiver of the exhaustion requirement as to those members of the proposed class who still had the opportunity to exhaust administrative remedies at the time this suit was filed. The regulations relied upon by the Secretary do not appear to effectively address the issue of a general predisposition to deny all claims, as opposed to a particularized bias or interest regarding a specific case. *Kendrick*, 784 F.Supp. at 100. Neither the Social Security Act nor the Administrative Procedure Act provide for prehearing discovery at the administrative level, and none is normally available. *Hummel v. Heckler*, 736 F.2d 91 (3d Cir.1984). Thus, even a claimant cognizant of a general bias claim could not develop the factual support for such a claim at the administrative level. Indeed, in this case an attorney testified that her office requested that ALJ Ritter withdraw from approximately 12 cases and raised the issue of bias to the Appeals Council in six cases. ALJ Ritter denied each request to withdraw, and the Appeals Council did not address the issue in any of the six cases. A district court may review any evidence submitted on the issue to determine if

subject matter jurisdiction exists. *Western Transp. Co. v. Couzens Warehouse & Distributors, Inc.*, 695 F.2d 1033 (7th Cir.1982). The foregoing persuades the Court that the lack of an effective mechanism for pursuing a claim of general bias during the administrative appeals process supports waiver of the exhaustion requirement in this case.

■ There is also evidence that the plaintiffs will be irreparably harmed if statutory exhaustion is not waived in this case. There was testimony indicating that social security claimants are provided with interim assistance, but that such assistance is cut off when a claim is denied by an ALJ. There was also testimony that pursuing a claim through the administrative appeals process can take years and amount to the "most cruel form of economic deprivation." The Supreme Court has urged courts to exercise special sensitivity "where the Government seeks to require claimants to exhaust administrative remedies merely to enable them to receive the procedure they should have been afforded in the first place." *City of New York*, 476 U.S. at 484, 106 S.Ct. at 2032. Though the defendant argues that the plaintiffs retain the right to reapply for benefits, the delays involved, combined with the apparent lack of an effective mechanism for raising the issue of general bias, persuade the Court that irreparable harm to the plaintiffs will occur if exhaustion is not waived in this case.

■ Determining whether to waive the exhaustion requirement is "intensely practical." *City of New York*, 476 U.S. at 484, 106 S.Ct. at 2032, *quoting Mathews*, 424 U.S. at 331 n. 11, 96 S.Ct. at 901 n. 11. In addition to the foregoing, it is worth noting that exhaustion is less important when the action under review does not involve exercise of the agency's discretionary power or application of its own special expertise. *McCarthy*, —— U.S. at ——, 112 S.Ct. at 1086. The allegations in this case do not involve the type of complex medical issues to which agency expertise is peculiarly suited. To the contrary, requiring each individual claimant to present identical constitutional claims regarding an ALJ's general predisposition

would require a commitment of administrative resources unsupported by any administrative or judicial interest. *See Liberty Alliance of the Blind v. Califano,* 568 F.2d 333 (3d Cir.1977). The Secretary's jurisdictional challenge based upon the failure of some plaintiffs to exhaust their administrative remedies or file suit within 60 days of a final decision is without merit. Accordingly, the Court finds that the interests of the plaintiffs in gaining access to a federal forum outweighs the institutional interests favoring exhaustion.

### B) *Justiciability*

■ The defendant also argues that the Court lacks jurisdiction because the plaintiffs' complaint does not present a colorable constitutional claim. The defendant asserts that only in the most extreme case does bias on the part of a hearing officer constitute a constitutional violation. He argues that in the absence of particularized allegations of pecuniary interest or personal animosity on the part of ALJ Ritter, the plaintiffs' complaint is deficient.

■ In essence, the defendant is arguing that the Court lacks jurisdiction because the complaint fails to state a cause of action. Under such circumstances, the proper course of action for a district court is to find that jurisdiction exists and address the objection as a direct attack on the merits of the complaint. *Williamson v. Tucker,* 645 F.2d 404 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981); *see also Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). A court will dismiss a complaint on jurisdictional grounds only if the claim appears to be immaterial and made solely for the purpose of obtaining jurisdiction, or where the claim is wholly insubstantial and frivolous. *Williamson,* 645 F.2d at 415.

■ Bias, prejudice, or hostility on the part of a hearing officer is justiciable to the extent it bears upon the fairness of a hearing. *A.O. Smith Corp. v. N.L.R.B.,* 343 F.2d 103 (7th Cir.1965). Principles of due process require that when prejudicial bias results in an unfair hearing before an administrative agency, the agency's order must be set aside and the case remanded for a new hearing. *Great Lakes Screw Corp. v. N.L.R.B.,* 409 F.2d 375 (7th Cir.1969); *A.O. Smith Corp.,* 343 F.2d at 110. "In order to set aside an ALJ's findings on the grounds of bias, 'the ALJ's conduct must be so extreme that it deprives the hearing of that fairness and impartiality necessary to that fundamental fairness required by due process.' " *Gimbel v. Commodity Futures Trading Com'n,* 872 F.2d 196, 198 (7th Cir.1989), *quoting N.L.R.B. v. Webb Ford, Inc.,* 689 F.2d 733, 737 (7th Cir.1982).

Though the defendant is correct that the standard for establishing bias on the part of an ALJ is an exacting one, *Webb Ford,* 689 F.2d at 737, the allegations in this case are not insubstantial, frivolous, or made solely for the purpose of obtaining jurisdiction. Therefore, the Court denies the defendant's motion to dismiss based upon lack of subject matter jurisdiction, and will address the remainder of the defendant's arguments regarding the justiciability of the plaintiffs' claims in conjunction with his motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

### DEFENDANT'S RULE 12(b)(6) MOTION

■ In considering the sufficiency of a complaint to withstand a motion to dismiss pursuant to Rule 12(b)(6), a court must focus on whether the plaintiffs should be entitled to offer evidence in support of their claims. *Mescall v. Burrus,* 603 F.2d 1266 (7th Cir. 1979). Such a motion is granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 1269, *quoting Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In ruling on a Rule 12(b)(6) motion to dismiss, material facts well pleaded in the complaint are accepted as true and all reasonable inferences construed in the light most favorable to the plaintiff. *Mescall,* 603 F.2d at 1269.

■ The plaintiffs' claim arises under 42 U.S.C. § 405(g), which gives district courts jurisdiction to order additional evidence to be taken before the Secretary "upon a showing that there is new evidence which is material

and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. . . ." The defendant argues that allegations that an ALJ is generally biased against disability claimants do not state a claim cognizable under this provision. He asserts that the plaintiffs' allegations lack the specificity required to make out an actionable bias claim in that only claims that a judge has a pecuniary interest in a lawsuit or a personal dispute with a litigant are judicially cognizable.

As noted previously, however, any type of bias is judicially cognizable to the extent it bears upon the fairness of a hearing. *A.O. Smith Corp.,* 343 F.2d at 110. Moreover, the standard of impartiality is applied even more strictly to administrative adjudicators because of the lack of procedural safeguards normally available in judicial proceedings. *Hummel,* 736 F.2d at 93. In *Hummel,* the Third Circuit relied upon section 405(g) in allowing a claimant to pursue discovery relating to an ALJ's alleged predisposition to deny claims. The court reasoned that the evidence sought was material because of the due process implications of the claimant's charge. The court further found "good cause" for the claimant's failure to raise the issue earlier in that she did not discover the basis for her charge until after completion of the administrative review process.

Here, the plaintiffs allege that ALJ Ritter is predisposed to deny as many disability claims as possible and that, this predisposition manifests itself through the use of various procedural devices designed to insure denials in a large percentage of cases. These devices include adverse credibility determinations against claimants, their doctors, and their witnesses; failing to consider, or misstating the medical evidence; engaging in ex parte communications with doctors; questioning claimants in a leading manner; drawing impermissible medical conclusions based upon application of the discredited "sit and spin" test; and failing to fulfill his obligation to assist unrepresented claimants in developing the facts. As in *Hummel,* the allegations of bias in this case are serious, and if substantiated, bear upon the fundamental fairness of the hearings held. It is clear that the plaintiffs should be allowed to present evidence in support of these allegations.

With regard to the requirement that "good cause" exist for the absence of the evidence from the administrative record, plaintiffs rely upon the alleged futility of raising the issue during the administrative appeals process. In support, they note ALJ Ritter's adamant refusal to withdraw when requested, and the Appeal Council's consistent failure to address the issue, as well as the difficulty of perceiving the alleged bias in the first instance. For the same reasons these allegations support waiver of the exhaustion requirement, they are sufficient to withstand a motion to dismiss regarding the good cause requirement of 42 U.S.C. § 405(g).

As a final argument in support of his motion to dismiss, the defendant asserts that the Court lacks authority to grant the relief sought by the plaintiffs. Specifically, he argues that the Civil Service Reform Act of 1978, 5 U.S.C. § 7521, provides the exclusive means for disciplining an ALJ, and therefore, the Court lacks authority to enjoin ALJ Ritter from determining disability claims. *Cf. Califano v. Yamasaki,* 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979) (Congress did not intend to preclude district courts from granting injunctive relief in class actions brought pursuant to 42 U.S.C. § 405(g)). It is unnecessary for the Court to address this issue in ruling on defendant's motion to dismiss. "[T]he question whether a litigant has a 'cause of action' is analytically distinct and prior to the question of what relief, if any, a litigant may be entitled to receive." *Franklin v. Gwinnett County Pub. Schools,* — U.S. ——, ——, 112 S.Ct. 1028, 1034, 117 L.Ed.2d 208 (1992), *quoting Davis v. Passman,* 442 U.S. 228, 239, 99 S.Ct. 2264, 2274, 60 L.Ed.2d 846 (1979). It is sufficient that the plaintiffs' pleading contains allegations which, if substantiated, would entitle them to some type of relief. For the foregoing reasons, the defendant's motion to dismiss is denied.

### CLASS CERTIFICATION

The plaintiffs seek certification of a class consisting of:

[a]ll claimants for Supplemental Security Income or Social Security disability benefits whose claims: (1) have been assigned to Administrative Law Judge (ALJ) Robert Ritter by the St. Louis Office of Hearings and Appeals (OHA) and denied or dismissed by him; (2) are presently assigned to ALJ Ritter, but have not been decided; and (3) will be assigned by the St. Louis OHA to ALJ Ritter in the future.

In objecting to the Magistrate's recommendation of class certification, the defendant argues that the proposed class does not meet the requirements of Fed.R.Civ.P. 23. He also objects to certain subsets of the proposed class on separate grounds discussed more fully herein.

Certification of a proposed class is appropriate when: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a). In addition, the proposed class must fall into one of the three categories described in Fed.R.Civ.P. 23(b). Because the plaintiffs in this case seek certification pursuant to Rule 23(b)(2), they must demonstrate that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2).

■■■■ The burden is upon the party seeking class certification to demonstrate that certification is proper. *Trotter v. Klincar*, 748 F.2d 1177 (7th Cir.1984). In determining whether to grant class certification, a trial court is not limited to a review of the pleadings alone, but may hold an evidentiary hearing as well. *King v. Gulf Oil Co.*, 581 F.2d 1184 (5th Cir.1978). The Magistrate held such a hearing in this case on December 20, 1990.

### A) *Numerosity*

■■■■ The crux of the numerosity requirement is not the number of interested persons per se, but the practicability of their joinder into a single suit. *Garcia v. Gloor* 618 F.2d 264 (5th Cir.1980), *cert. denied*, 449 U.S. 1113, 101 S.Ct. 923, 66 L.Ed.2d 842 (1981). A party moving for class certification cannot rely upon conclusory allegations that joinder is impracticable, or upon speculation as to the size of the class, *Marcial v. Coronet Ins. Co.*, 880 F.2d 954 (7th Cir.1989), but neither is it necessary to allege the exact number or identity of the class members. *In re VMS Securities Litigation*, 136 F.R.D. 466 (N.D.Ill.1991). A trial court may rely upon common sense assumptions in making a determination on numerosity. *Id.*

■■■ Here, the plaintiffs rely upon discovery documents produced by the defendant indicating that ALJ Ritter dismissed or denied 649 claims between October 1, 1986 and December 31, 1988. The plaintiff contends that this group includes residents of both Missouri and Illinois, and opines that since 1988 the size of the class has grown into the "thousands." The defendant characterizes the plaintiffs' contentions as speculative, and argues that the actual size of the class is considerably smaller due to the many proposed members who failed to exhaust their administrative remedies.

As discussed previously, the Court finds that waiver of the exhaustion requirement and tolling of the 60–day statute of limitations is appropriate in this case. The Court further finds that the records produced by the defendant remove the plaintiffs' estimates from the realm of speculation. Because joinder is clearly impracticable, the numerosity requirement is met.

### B) *Commonality*

■■■■ The second requirement for class certifications is that there are questions of law and fact common to the class. Fed. R.Civ.P. 23(a)(2). A common nucleus of operative fact is usually enough to satisfy this requirement. *Rosario v. Livaditis*, 963 F.2d

1013 (7th Cir.1992). The existence of some factual variation among the class members' grievances will not defeat a class action. *Id.* The defendant argues that commonality is lacking in this case because questions as to the fairness of a hearing and the impartiality of a judge are necessarily "fact-bound," and thus unique to each individual making such a claim. The defendant contends that resolution of all the proposed plaintiffs' claims would require analysis of the medical records and testimony presented in each individual case. In support of this position the Secretary relies upon *Doe v. Sullivan,* No. 90–7363, slip. op. (E.D.Pa. Nov. 27, 1991).

*Doe* involved another class action alleging general bias against social security claimants on the part of an ALJ. The district court denied the plaintiff's motion for class certification, holding that the complaint did not satisfy either the commonality or typicality requirements of Rule 23(a). The court reasoned:

> The relief which Doe seeks is an award of benefits. Doe does not claim, nor could she, that her claim of disability is common to the claims of the putative class. Indeed, she seeks to avoid the inherent dissimilarity between the facts of her case and those of the putative class members by suggesting that the sole or predominant issue is whether [the ALJ] is generally biased against social security claimants. In order to prevail, Doe has to prove that on the basis of her own medical and vocational facts she is entitled to benefits and that bias on the part of [the ALJ] in whole or in part caused the denial of her claim.

*Id.* at 9–10.

The Secretary's reliance upon *Doe* is misplaced. The relief plaintiffs seek from this Court is to order the rehearing of their claims for benefits based upon the assertion that they did not receive a fair hearing the first time. They are not asking this Court to award them benefits. In order to prevail, they need not show that they are in fact entitled to benefits, but that the alleged bias "is so pervasive that all of [ALJ Ritter's] decisions are presumptively tainted." *Kendrick,* 784 F.Supp. at 106. Thus, whether ALJ Ritter is predisposed to deny every disability claim is a question of fact common to the class. Further, whether such bias, if found to exist, deprived or will deprive the proposed class members of their right to a fair hearing presents a question of law common to the class. *Grant v. Sullivan,* 131 F.R.D. 436 (M.D.Pa.1990). The plaintiffs have satisfied the requirements of Fed. R.Civ.P. 23(a)(2).

### C) *Typicality*

▮▮▮▮ The defendant also relies upon *Doe* for his contention that the proposed class does not satisfy the requirements of Fed. R.Civ.P. 23(a)(3). For the reasons already stated, the Court declines to follow *Doe.* Therefore it is necessary only to ascertain whether the named plaintiffs' claims are typical of those of the proposed class members.

Plaintiff Corene Small and plaintiff Addie Liddell both allege that their claims for SSI benefits were denied after a hearing before ALJ Ritter. Both presented medical evidence and testimony supporting their claims of disability. Both allege that ALJ Ritter did not find their testimony credible, discounted non-exertional impairments, and disregarded the opinions of their treating physicians in favor of the opinions of non-treating, non-examining state agency doctors. Plaintiff Small further alleges that ALJ Ritter applied the "sit and squirm" test in her case, and failed to include in the record the fact that she requested his withdrawal from the case, in contravention of established policy. Based upon the foregoing, the Court concludes that the named plaintiffs' claims are sufficiently typical of those of the proposed class members.

### D) *Adequacy of Representation*

▮▮▮▮ Two factors are considered in determining whether a class representative can fairly and adequately represent the interests of the proposed class members: (1) whether the named plaintiff's counsel is qualified, experienced, and generally able to conduct the proposed litigation; and (2) whether the named plaintiff will fairly and adequately protect the interests of the class and whether they have any interests antagonistic to those of the class. *Grant,* 131 F.R.D. at 447, *citing*

*Wetzel v. Liberty Mut. Ins. Co.*, 508 F.2d 239 (3d Cir.), *cert. denied*, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975).

 The Secretary does not dispute the experience or adequacy of the plaintiffs' counsel. Instead, he contends that the named plaintiffs cannot adequately represent the proposed class given the factual uniqueness of each claimant's case. The Secretary also notes that on January 17, 1992, the Acting Chief ALJ of the Office of Hearings and Appeals issued a decision letter finding no evidence that ALJ Ritter is biased against social security claimants, but identifying some aspects of his decision-making process in need of improvement. The Secretary argues that the named plaintiffs' claims are not representative of those members of the proposed class whose claims were decided since the January 17, 1992 corrective action.

 The Secretary's first contention fails for the same reason as his arguments on the issues of commonality and typicality. The operative allegations in this case—that ALJ Ritter is biased against disability claimants generally, and that this bias leads him to employ procedural techniques which result in fundamentally unfair hearings—are representative of the complaints of all members of the proposed class. As to the January 17, 1992 decision letter, Fed.R.Civ.P. 23(c) provides that an order certifying a class may be altered or amended by the trial court at any time prior to a decision on the merits. If the Court should determine that the experiences of the named plaintiffs do not represent the experiences of claimants appearing before ALJ Ritter after January 17, 1992, the Court may amend the Order to close the class as of that date.

### E) *Rule 23(b)(2)*

 The final requirement for class certification in this case is that the defendant has acted or refused to act on grounds generally applicable to the class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the class as a whole. Rule 23(b)(2). The plaintiffs' allegations of general bias and improprieties in the conduct of hearings apply to the class as whole. Further, if substantiated, injunctive

relief of the type requested may be appropriate. *See Meyer v. Schweiker*, 549 F.Supp. 1242 (W.D.N.Y.1982) (suggesting hearing before a different ALJ on remand); 20 C.F.R. §§ 404.940, 416.1440. Therefore, the Court finds that the plaintiffs proposed class satisfies the requirements of Fed.R.Civ.P. 23(b)(2).

### F) *The Secretary's Remaining Objections*

 In his objections to the Magistrate's Report and Recommendation, the Secretary challenges the inclusion of several subclasses in the plaintiffs' proposed class. The Court will address these objections seriatim.

The Secretary argues that, as defined, the proposed class improperly includes persons whose disability claims were rejected by ALJ Ritter, but who obtained reversals from either the Appeals Council or the federal courts. To the extent that: (1) the claims of such persons were not reassigned to ALJ Ritter, or (2) upon reassignment to ALJ Ritter, benefits were awarded, the Secretary is correct that those claims do not present a justiciable case or controversy. The Court will therefore amend the class definition to exclude these claimants.

 The Secretary also argues that principles of res judicata preclude inclusion in the class of any person who challenged a denial of benefits in federal court and received an adverse judgment. Res judicata is a term used to describe the preclusive effect of a former adjudication and includes two related concepts: "issue preclusion" and "claim preclusion." *Thibodeaux by Thibodeaux. v. Bowen*, 819 F.2d 76, 80 (5th Cir.1987).

"Issue preclusion," which is also called direct or collateral estoppel, "refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided.... . "Claim preclusion," which includes the law of bar and merger, "refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because ... it should have been advanced in an earlier suit."

*Id., quoting Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 894 n. 1; 79 L.Ed.2d 56 (1984).

 To the extent there are persons included in the proposed class who prosecuted an action in federal court in which the issue of ALJ Ritter's alleged bias was raised and decided, principles of collateral estoppel bar their inclusion in this class action. *Crowder v. Lash,* 687 F.2d 996 (7th Cir.1982). However, as to members of the proposed class who pursued actions in federal court on grounds other than ALJ Ritter's alleged bias, the Court finds that they are not barred from participation in this suit. Claim preclusion operates to bar litigation of matters that should have been raised in a prior proceeding between the same parties. *Harper Plastics, Inc. v. Amoco Chemicals Corp.,* 657 F.2d 939 (7th Cir.1981). Just as the difficulty of perceiving bias such as that alleged in this case supported waiver of the exhaustion requirement, it precludes a holding that the issue should have been raised in a prior federal court proceeding. Thus, the Court will amend the class definition to exclude only those persons who brought previous federal court actions challenging a denial of benefits by ALJ Ritter, **and** who raised the issue of ALJ Ritter's alleged bias therein.

 Next, the Secretary argues that members of the proposed class currently prosecuting separate actions in federal court are barred from inclusion in this suit. However, it is proper to pursue an individual action challenging a denial of social security disability benefits based upon the specific facts of the claimant's case, while at the same time participating in a class action challenging policies applicable to the class as a whole. *Dixon v. Heckler,* 600 F.Supp. 141 (S.D.N.Y. 1985). Further, though a person clearly cannot maintain an individual action concurrent with a class claim when the allegations and prayer for relief under each claim are the same, the appropriate procedure in such a case is to consolidate the individual action with the class action, rather than excluding the person from the class. *Rivera v. Bowen,* 664 F.Supp. 708 (S.D.N.Y.1987). Thus, the Secretary's argument is without merit.

 Finally, the Secretary objects to that portion of the proposed class consisting of applicants whose claims will be assigned to ALJ Ritter in the future. It is true that, in a class action, the court must have jurisdiction over the claims of each individual member of the class. *National Center for Immigrants' Rights, Inc. v. I.N.S.,* 791 F.2d 1351 (9th Cir.1986), *vacated on other grounds,* 481 U.S. 1009, 107 S.Ct. 1881, 95 L.Ed.2d 489 (1987). It is also true that the proposed class does include persons who have yet to satisfy the nonwaivable jurisdictional requirement by presenting a claim to the Secretary. However, Fed.R.Civ.P. 23(c)(1) authorizes courts to certify a class which is subject to amendment at any time before a decision on the merits. Thus, when a class action challenges social security adjudication practices that are continuing, the class properly includes future as well as past applicants. *Dixon v. Bowen,* 673 F.Supp. 123 (S.D.N.Y.1987); *Stieberger v. Heckler,* 615 F.Supp. 1315 (S.D.N.Y.1985), *vacated on other grounds,* 801 F.2d 29 (2d Cir.1986). Leaving the class open to future members "protects applicants who would otherwise have to wait for [an illegal denial of benefits] before they seek a post-hoc remedy. Such unnecessary harm and repetitive litigation is precisely what the class action device is designed to prevent." *Dixon,* 673 F.Supp. at 127. The Secretary's objection to the inclusion of "future" class members is without merit.

## CONCLUSION

Accordingly, this Court ADOPTS the Magistrate's recommendation as to the defendant's motion to dismiss. That portion of the defendant's motion to dismiss challenging the Court's subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) is **DENIED;** that portion of the defendant's motion to dismiss contending that the amended complaint fails to state a claim upon which relief can be granted is also **DENIED.** This Court also ADOPTS the Magistrate's recommendation as to the plaintiffs' motion for class certification. The plaintiffs' motion for class certification is **GRANTED,** subject to the modifications discussed herein, and the following class is **CERTIFIED** pursuant to Fed. R.Civ.P. 23(c)(1):

All claimants for Supplemental Security Income or Social Security disability benefits whose claims:

(1) have been assigned to Administrative Law Judge (ALJ) Robert Ritter by the St. Louis Office of Hearings and Appeals (OHA), and have had their claims denied or dismissed by ALJ Ritter, and that denial or dismissal has not been reversed upon a subsequent appeal, or if reversed upon subsequent appeal and:

A. the claim was reassigned to ALJ Ritter and no subsequent determination has been made; or

B. upon reassignment to ALJ Ritter benefits were not awarded; or

(2) are presently assigned to ALJ Ritter, but have not been decided; or

(3) will be assigned by the St. Louis OHA to ALJ Ritter in the future;

EXCEPT, the class shall not include any person who has prosecuted any action in federal court in which the issue of ALJ Ritter's alleged predisposition to deny claims was addressed and determined.

This class certification is granted subject to alteration or amendment by this Court at a future stage of these proceedings, if appropriate.

IT IS SO ORDERED.